

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

Nos. 06-22-00105-CR,
06-22-00106-CR &
06-22-00107-CR

RAHEEM KERRY ONEIL MARSHALL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court Nos. 2021-C-002, 2021-C-003, & 2018-C-248

Before Morriss, C.J., Stevens and van Cleef, JJ.

ORDER

On August 31, 2022, counsel for appellant filed a motion to dismiss these appeals. That filing was rejected because it lacked appellant's signature, as required by Rule 42.2(a) of the Texas Rules of Appellate Procedure. That rule states, "At any time before the appellate court's decision, the appellate court may dismiss the appeal upon the appellant's motion. *The appellant and his or her attorney must sign the written motion . . . .*" TEX. R. APP. P. 42.2(a) (emphasis added).

In a series of emails with this Court's clerk's office, counsel explained that she was unable to secure her client's signature on the motion to dismiss. Counsel further explained that appellant's request to dismiss these appeals was on record and requested permission to provide a copy of the court record in lieu of appellant's signature. The clerk's office told counsel for appellant that the appeal would not be dismissed absent compliance with Rule 42.2(a).

On November 21, 2022, we advised counsel for appellant that the brief was late and granted a grace period through and including December 6, 2022, in which to file the brief.

On November 28, 2022, counsel for appellant filed a motion for extension of time in which to file appellant's brief in order "to obtain the records and file a new Motion to dismiss with the documents as appendices." This Court granted appellant an extension of time through and including December 14, 2022, in which to file the brief. At no point did this Court indicate that a motion to dismiss would be granted absent compliance with Rule 42.2(a).

On December 16, 2022, counsel for appellant filed a second motion to dismiss these appeals, to which she attached, in support of the motion, plea paperwork related to a case not

pending before this Court indicating that Marshall had documented his wish to dismiss these appeals as a condition of a plea bargain by his signature on the plea paperwork and verbal confirmation on the record. The second motion to dismiss did not comply with Rule 42.2(a).

In light of these circumstances, we must abate this appeal for the purposes of (1) securing Marshall's presence before the trial court and (2) securing Marshall's signature on each proposed dismissal in compliance with Rule 42.2(a). In the event Marshall declines to sign the proposed dismissals, the appeals will proceed.

The hearing shall be conducted by the trial court within twenty-one days of the date of this order. In the event Marshall signs the proposed motion(s) to dismiss these appeals, those documents shall be provided to this Court in the form of a supplemental clerk's record within ten days of the date of the hearing. Any reporter's record of the hearing shall likewise be prepared and filed in this Court within ten days of the date of the hearing.

Jurisdiction over these appeals will return to this Court upon the filing of either the supplemental clerk's record or the supplemental reporter's record contemplated by this order. All appellate timetables are stayed pending further notice of this Court.

IT IS SO ORDERED.


BY THE COURT


Date:   December 21, 2022

3